# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.: _____
Judge: _____

Carey Roach
Plaintiff
vs.
Eddo Trimino, Martin Santiago, The City of Miami Gardens
Defendant

## II. TYPE OF CASE

- [ ] Condominium
- [ ] Contracts and indebtedness
- [ ] Eminent domain
- [ ] Auto negligence
- [ ] Negligence – other
  - [ ] Business governance
  - [ ] Business torts
  - [ ] Environmental/Toxic tort
  - [ ] Third party indemnification
  - [ ] Construction defect
  - [ ] Mass tort
  - [ ] Negligent security
  - [ ] Nursing home negligence
  - [ ] Premises liability – commercial
  - [ ] Premises liability – residential
- [ ] Products liability
- [ ] Real Property/Mortgage foreclosure
  - [ ] Commercial foreclosure $0 - $50,000
  - [ ] Commercial foreclosure $50,001 - $249,999
  - [ ] Commercial foreclosure $250,000 or more
  - [ ] Homestead residential foreclosure $0 – 50,000
  - [ ] Homestead residential foreclosure $50,001 - $249,999
  - [ ] Homestead residential foreclosure $250,000 or more
  - [ ] Non-homestead residential foreclosure $0 - $50,000
  - [ ] Non-homestead residential foreclosure $50,001 - $249,999
  - [ ] Non-homestead residential foreclosure $250.00 or more

- [ ] Other real property actions $0 - $50,000
- [ ] Other real property actions $50,001 - $249,999
- [ ] Other real property actions $250,000 or more

- [ ] Professional malpractice
  - [ ] Malpractice – business
  - [ ] Malpractice – medical
  - [ ] Malpractice – other professional
- [x] Other
  - [ ] Antitrust/Trade Regulation
  - [ ] Business Transaction
  - [x] Circuit Civil - Not Applicable
  - [ ] Constitutional challenge-statute or ordinance
  - [ ] Constitutional challenge-proposed amendment
  - [ ] Corporate Trusts
  - [ ] Discrimination-employment or other
  - [ ] Insurance claims
  - [ ] Intellectual property
  - [ ] Libel/Slander
  - [ ] Shareholder derivative action
  - [ ] Securities litigation
  - [ ] Trade secrets
  - [ ] Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ___ No ☒

**III. REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary
- ☐ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

**IV. NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

7

**V. IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Raul R Lopez    FL Bar No.: 705667
   Attorney or party                                           (Bar number, if attorney)

Raul R Lopez   08/24/2016
   (Type or print name)                                         Date

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY FLORIDA

CIVIL DIVISION

CASE NO.

CAREY ROACH,

    Plaintiff,

v.

EDDO TRIMINO, MARTIN SANTIAGO and
THE CITY OF MIAMI GARDENS, a municipal
sub-division of the State of Florida,

    Defendants.

_____/

## COMPLAINT

The Plaintiff, CAREY ROACH, sues the Defendants, EDDO TRIMINO, MARTIN SANTIAGO and THE CITY OF MIAMI GARDENS, a municipal sub-division of the State of Florida, and for his cause of action, alleges:

### JURISDICTION

1. This is an action brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment of the Constitution of the United States, along with claims based upon the common law of the state of Florida.

2. This is an action for damages in excess of $15,000 and otherwise within the jurisdiction of this court.

### VENUE

3. Venue is proper in Miami-Dade County, the cause of action alleged herein, accrued in Miami-Dade County.

## PARTIES

1. Plaintiff, CAREY ROACH, is sui juris, and at the time of the action alleged herein, was a resident of Miami-Dade County.

2. At all times material hereto, Defendant, EDDO TRIMINO, (hereinafter, "TRIMINO"), was and is a resident of Miami-Dade County, Florida, acting in the course and scope of his employment as a police officer for THE CITY OF MIAMI GARDENS. At all times material hereto, TRIMINO was acting under color of state law and in said course and scope of his employment. As such, he is being sued in his individual capacity acting under color of state law.

3. At all times material hereto, Defendant, MARTIN SANTIAGO, (hereinafter, "SANTIAGO"), was a resident of Miami-Dade County, Florida, acting in the course and scope of his employment with THE CITY OF MIAMI GARDENS Police Department. At all times material hereto, Defendant, SANTIAGO was acting under color of state law and in said course and scope of his employment. As such, he is being sued in his individual capacity as a police officer acting under color of state law.

4. At all times material hereto, Defendant THE CITY OF MIAMI GARDENS, was a legal and proper sub-division and municipality of the State of Florida, which operates, manages, directs and controls THE CITY OF MIAMI GARDENS Police Department.

5. Written notice of the Plaintiffs claims, pursuant to § 768.28, has been provided to THE CITY OF MIAMI GARDENS. More than six (6) months have expired since written notice was provided to the aforementioned entity.

## FACTUAL ALLEGATIONS

6.  On or about August 28, 2012, around 9:15 p.m., Plaintiff, CAREY ROACH, was having a conversation with some friends in front of the residence of one Gaston Lameur, located at 1762 NW. 152nd St., Miami, FL. Mr. Lameur, who lived at this address was also present at the time.

7.  During this time, Defendants TRIMINO and SANTIAGO, in a police car drove East down 152nd Street, past the house, made a U-turn and stopped in front of the house where Plaintiff and his friends were talking.

8.  Defendant TRIMINO exited the police car and asked who lived in the house. After Mr. Lamour identified himself as the person who lived there, Defendant TREMINO walked past the group of individuals towards the Plaintiff yelling at him to take his hands out of his pockets. Upon reaching the Plaintiff, Defendant TREMINO, without provocation or reason, immediately started punching the Plaintiff in the face, repeatedly.

9.  While TREMINO was busy punching the Plaintiff, Defendant SANTIAGO, jumped out of the police car, began punching the Plaintiff and tasered him.

10.  Throughout the entire time that he was being beaten and tasered by the Defendants, Plaintiff was defenseless and unable to put up any type of resistance.

11.  Defendant SANTIAGO, then pointed the Taser at everyone in the immediate area, causing them to run into the house, for their own safety.

12.  Defendants, TRIMINO and SANTIAGO also handcuffed Plaintiff and arrested him without a warrant, for the charges of battery on a law enforcement officer, resisting arrest with violence and resisting arrest without violence, despite the fact that the Defendants had

initiated the violence by attacking the Plaintiff, without any reason or provocation, and despite the fact that there was no probable cause that the Plaintiff had committed any crime.

13. In the process of arresting Plaintiff without probable cause, the Defendant police officers used excessive force.

14. As a result of the excessive force used by the two individual defendants on Plaintiff, he suffered lacerations about his face, requiring medical treatment.

15. Plaintiff was arrested and transported to the Dade County Jail, where he stayed, until he was released on bond.

16. All charges against Plaintiff were dropped by the Miami Dade County, State Attorney's Office, on October 6, 2012.

## COUNT I
### VIOLATION OF CIVIL RIGHTS OF PLAINTIFF, BY DEFENDANTS, EDDO TRIMINO AND MARTIN SANTIAGO

17. Plaintiff incorporates the allegations in paragraphs 1 through 16, as if fully set forth herein

18. Defendants, TRIMINO and SANTIAGO, while acting under the color of state law, arrested the plaintiff, CAREY ROACH, without probable cause, as there was no reasonable, creditable information that pointed to the likelihood that the plaintiff had committed or was committing any crime, at the time Defendants charged and physically attacked him. The arrest of the plaintiff without probable cause was a violation of his Fourth Amendment right to be free from unreasonable search or seizure.

19. Defendants, TRIMINO and SANTIAGO, maliciously and without probable cause, instituted criminal proceedings against the Plaintiff for the charges of battery on a law enforcement officer in violation of F.S. 784.07, resisting with violence in violation of F.S. 843.01 and resisting without violence in violation of F.S. 843.02.

20. Defendants TRIMINO and SANTIAGO, further, while acting under color of state law, violated the plaintiff's Fourth Amendment right to be free from unreasonable search or seizure when they used excessive force during the arrest they made of him without probable cause, when they physically attacked him, punched him and tasered him. All of this force was unreasonable in light of the fact that Plaintiff did not in any way resist Defendants and due to the fact that there was no indication that he had committed any crime whatsoever. The conduct of the defendants, TRIMINO and SANTIAGO, deprived Plaintiff of his right as guaranteed by the Fourth Amendment of the United States Constitution, to be free from unlawful search and seizure, without probable cause and to be free of unreasonable excessive force.

21. As a direct and proximate result of the actions of Defendants, TRIMINO and SANTIAGO, as set forth above, the Plaintiff, CAREY ROACH, has been damaged. He has experienced injuries, including pain and suffering, loss of capacity of the enjoyment of life, has experienced humiliation, loss of liberty, emotional distress, and has otherwise been damaged.

22. Plaintiff has retained the law office of Raul R. Lopez, P.A., to prosecute this claim and has agreed to pay a reasonable attorney's fees for services.

23. Pursuant to 42 U.S.C. § 1988, attorney fees are recoverable from Defendants, by a Plaintiff who prevails in actions brought from civil rights violations.

WHEREFORE, Plaintiff demands judgment for compensatory damages, court costs and attorney's fees.

Plaintiff demands a trial by jury of all issues so triable by jury, as a matter of right.

## COUNT II
**BATTERY AGAINST DEFENDANTS, EDDO TRIMINO AND MARTIN SANTIAGO**

24. The Plaintiff incorporates the allegations in paragraphs 1 through 16, as if fully set forth herein.

25. This count is in the alternative as permitted by the Florida Rules of Civil Procedure, and within the purview of *McGhee v. Volusia County*, 679 So.2d 729 (Fla. 1996).

26. On or about August 28, 20012, Defendants, TRIMINO and SANTIAGO, intentionally and without justification, physically attacked and accosted Plaintiff, CAREY ROACH, and repeatedly punched and tasered him, until they handcuffed him, while in the process of conducting an arrest without probable cause.

27. TRIMINO and SANTIAGO, were acting with color of authority during the course and scope of their employment with THE CITY OF MIAMI GARDENS, but were motivated by malice and ill will when they used excessive and unnecessary force and battered the plaintiff.

28. As a direct and proximate result of the actions of Defendants' battery of the plaintiff, CAREY ROACH has suffered physical injuries, pain and suffering, loss of capacity of the enjoyment of life, and medical expenses or medical bills.

WHEREFORE, Plaintiff demands judgment for compensatory damages, court costs and any other relief that the court deems proper.

Plaintiff demands a trial by jury of all issues so triable by jury, as a matter of right.

## COUNT III
## MALICIOUS PROSECUTION AGAINST EDDO TRIMINO AND MARTIN SANTIAGO.

29. This is a claim for malicious prosecution against Defendants TRIMINO and SANTIAGO.

30. The allegations of paragraphs 1 through 16 are incorporated herein.

31. Defendant, TRIMINO and SANTIAGO, falsely, maliciously, and without probable cause, charged the plaintiff, CAREY ROACH, of battery on a law enforcement officer, resisting arrest with violence and resisting arrest without violence.

32. As a direct and proximate result of the false and malicious charges made by Defendants TRIMINO and SANTIAGO, criminal proceedings were commenced against Plaintiff in Case No.: F12021591, in The Circuit Court of the 11th Judicial Circuit of, Florida, in and for Miami-Dade County, Criminal Division. These criminal proceedings terminated in the Plaintiff's favor, on October 6, 2012, when the State Attorney's Office dismissed all charges.

33. As a direct and proximate result of the actions of TRIMINO and SANTIAGO, as set forth above, the plaintiff has been damaged. He has experienced humiliation, emotional distress, pain and suffering, loss of wages, incurred expenses, including legal fees in connection with the defense of the charges which were lodged against him and has been otherwise damaged.

WHEREFORE, Plaintiff demands judgment for damages, against Defendants, for compensatory damages, court costs, and any other relief that the court deems just and proper.

The plaintiff demands a trial by jury of all issues so triable as a matter of right.

## COUNT IV
## FALSE ARREST OF THE PLAINTIFF
## AGAINST THE CITY OF MIAMI GARDENS

34. The plaintiff incorporates the allegations of paragraphs 1 through 16, as if fully incorporated herein.

35. At all times material hereto Defendants TRIMINO and SANTIAGO were acting as sworn officers of THE CITY OF MIAMI GARDENS Police Department, in the course and scope of their employment with THE CITY OF MIAMI GARDENS. As such, THE CITY OF MIAMI GARDENS is liable for any and all damages incurred by the plaintiff, as a result of the actions of these defendants.

36. Despite the fact that it was clear that no violation of law was committed by Plaintiff, Defendants, TRIMINO and SANTIAGO, while acting in the course and scope of their employment with THE CITY OF MIAMI GARDENS, without probable cause, caused the arrest

of the plaintiff for the charges of battery on a law enforcement officer, resisting arrest with violence and resisting arrest without violence

37. As a direct and proximate result of the actions of Defendant, THE CITY OF MIAMI GARDENS, through the action of its officers, while acting in the course and scope of their employment, the plaintiff, suffered his loss of liberty, loss of capacity for the enjoyment of life, embarrassment, humiliation, emotional distress and physical injuries

WHEREFORE, Plaintiff demands judgment for compensatory damages, court costs, and any other relief that this court deems just and proper against Defendant, THE CITY OF MIAMI GARDENS.

The plaintiff demands a trial by jury of all issues so triable by jury, as a matter of right.

## COUNT V
## BATTERY AGAINST THE CITY OF MIAMI GARDENS

38. The Plaintiff incorporates the allegations in paragraphs 1 through 16, as if fully set forth herein.

39 This count is in the alternative as permitted by the Florida Rules of Civil Procedure, and within the purview of *McGhee v. Volusia County*, 679 So.2d 729 (Fla. 1996).

40. On or about August 28, 2012, Defendants, TRIMINO and SANTIAGO, intentionally and without justification, physically attacked and accosted Plaintiff, and repeatedly punched him and tasered him, until they handcuffed him, while in the process of conducting an arrest without probable cause.

41. Plaintiff never consented to this conduct by the individual defendants.

42. Defendants TRIMINO AND SANTIAGO were acting with color of authority in the course and scope of employment with THE CITY OF MIAMI GARDENS, when they used excessive and unnecessary force and battered the plaintiff, CAREY ROACH. The City is

vicariously liable for the acts of Defendants TRIMINO and SANTIAGO

43. As a direct and proximate result of the actions of Defendants' battery of the plaintiff, Plaintiff has suffered physical injuries, pain and suffering, loss of capacity of the enjoyment of life, and medical expenses or medical bills.

WHEREFORE, Plaintiff demands judgment for compensatory damages, court costs and any other relief that the court deems proper.

Plaintiff demands a trial by jury of all issues so triable by jury, as a matter of right.

## COUNT VI
## NEGLIGENT HIRING, RETENTION AND OR SUPERVISION AGAINST THE CITY OF MIAMI GARDENS

44. Plaintiff realleges paragraph 1 through 16, as if fully set forth herein.

45. Defendants, TRIMINO and SANTIAGO, were under the control, direction and supervision of THE CITY OF MIAMI GARDENS

46. Defendant, City Of Miami Gardens, knew or should have known that TRIMINO and SANTIAGO had engaged in wrongful conduct in the past.

47. Upon information and belief, TRIMINO and SANTIAGO had multiple complaints, infractions, or reports of misconduct filed against them in the past.

48. That is a result of such complaints, infractions, violations, and/or reports of misconduct, Defendant, CITY OF MIAMI GARDENS, knew or should have known that the Defendant police officers had a propensity for violence, misconduct, excessive use of force, and/or violations of civil rights.

49. That Defendant, CITY OF MIAMI GARDENS, at all times material had the ability and authority to discharge, further supervise, and/or retrain the Defendant officers so that they did not pose a risk to the public and to Plaintiff.

50. That as a direct result of the Defendant, CITY OF MIAMI GARDENS', failure to further train, supervise, and/or discharge the Defendant officers, it was foreseeable that a member of the public, in this case, Plaintiff would have his civil rights violated and be injured as a result of excessive force.

51. Defendant, CITY OF MIAMI GARDENS', supervision, hiring and/or retention of the Defendants, TRIMINO and SANTIAGO, constitute negligence

52. The Defendant officers repeatedly violated Florida law, Federal law, and the policies and procedures of the Miami Gardens Police Department.

53. Defendant, CITY OF MIAMI GARDENS, knew or should have known that the Defendant officers were violating the law and the Miami Gardens Police Department's policies and procedures, yet did nothing to remedy the situation

54. As a direct and proximate and foreseeable result of the acts and omissions of Defendant, CITY OF MIAMI GARDENS, Plaintiff was caused to lose his liberty when he was arrested without probable cause and falsely charged with crimes without probable cause; he suffered suffered physical and emotional distress, pain and suffering, disability, loss of capacity for the enjoyment of life, along with legal expenses in defending against the baseless criminal proceedings

55. WHEREFORE, Plaintiff demands judgment for compensatory damages, court costs and any other relief that the court deems proper.

Plaintiff demands a trial by jury of all issues so triable by jury, as a matter of right.

## COUNT VII
## §1983 MONELL CLAIM AGAINST THE CITY OF MIAMI GARDENS

56. Plaintiff realleges paragraphs 1 through 16, as if fully set forth herein.

57. Plaintiff was deprived of his federal right, guaranteed under the Fourth

Amendment of the United States Constitution, to be free from unreasonable searches and/or seizures.

58. Defendant THE CITY OF MIAMI GARDENS developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of citizens its officers came into contact with.

59. It was the policy and/or custom of the CITY OF MIAMI GARDENS to inadequately and improperly investigate citizen complaints of police misconduct.

60. It was the policy and/or custom of the CITY OF MIAMI GARDENS to ignore, tolerate or inadequately discipline its officers when acts of misconduct occurred.

61. Prior to August 28, 2012, Defendants TRIMINO and SANTIAGO had histories of misbehavior that were ignored, inadequately investigated or resulted in an adequate discipline

62. THE CITY OF MIAMI GARDENS, inadequately investigated or inadequately disciplined Defendants TRIMINO and/or SANTIAGO. The CITY OF MIAMI GARDENS completely failed to adequately investigate their conduct on August 28, 2012.

63. Defendants, TRIMINO and/or SANTIAGO were not disciplined or reprimanded for violating Plaintiff's civil rights. The Defendant, CITY OF MIAMI GARDENS, made no changes to its policies after the events of August 28, 2012, thereby ratifying the conduct of Defendants TRIMINO and SANTIAGO.

64. The policy and custom at the CITY OF MIAMI GARDENS that tolerated or ignored excessive uses of force on citizens, illegal stops of citizens, and the arrest without probable cause of citizens, that existed on August 28, 2012, did not change after that date, as evidenced by other claims of misconduct alleged against other CITY OF MIAMI GARDENS police officers.

65. Because of the policy or custom of ignoring, tolerating and improperly handling complaints, illegal stops, arrest without probable cause, excessive force and use of force, Defendants TRIMINO and/or SANTIAGO believed that their actions would not result in an investigation or discipline, but would be tolerated.

66. The above described policies and customs demonstrate a deliberate indifference on the part of the CITY OF MIAMI GARDENS to the constitutional rights of persons, its officers came into contact with and were the cause of Plaintiff's deprivation of his constitutionally protected rights.

WHEREFORE, Plaintiff prays that this Court grant judgment for compensatory damages, attorney's fees and court costs against the CITY OF MIAMI GARDENS on Plaintiff's civil rights claim, brought pursuant to *Monell*, 42 U.S.C. §§1983 and 1988.

Plaintiff demands a trial by jury of all issues so triable by jury, as a matter of right.

**August 24, 2016**

Respectfully Submitted,

By: /s/ Raul R. Lopez
Raul R. Lopez, Esq.
Fla. Bar No.: 705667
RAUL R. LOPEZ, P.A.
*Attorney for Plaintiff*
Royal Oaks Professional Center
7950 NW 155th Street, Suite 206
Miami Lakes, Florida 33016
Tel. No. 305-818-0117
Fax No. 305-557-7766
E-mail: rrlopezpa@gmail.com

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 2016-022108-CA-01

CAREY ROACH,

    Plaintiff,

v.

**CIVIL ACTION SUMMONS**

EDDO TRIMINO, MARTIN SANTIAGO and THE CITY OF MIAMI GARDENS, a municipal sub-division of the State of Florida,

    Defendants.

_____/

**STATE OF FLORIDA:**

To Each Sheriff of the State:

You ARE COMMANDED to serve this summons and a copy of the Complaint, in this action on defendant:

**BY SERVING:**  **EDDO TRIMINO**
**CHERYL WHYNE, COURT LIAISON**
**18611 NW 27TH AVENUE**
**MIAMI GARDENS, FLORIDA 33056**

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney: Raul R Lopez, Esq., whose address is: **RAUL R. LOPEZ, P.A., 7950 N.W. 155th Street, Suite 206, Miami Lakes, Florida 33016, Telephone: (305) 818-0117, Email: rrlopezpa@gmail.com**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Dated this _____, 2016

                                                      HARVEY RUVIN
                                                      Clerk of Courts

                                                      BY: _____
                                                         Deputy Clerk

## IMPORTANTE

Una demanda contra usted ha sido presentada. Tiene 20 dias naturales a partir del recibo de esta notificacion para contestar la demanda adjunta, por escrito y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito incluyendo el numero del caso y los nombres de las partes interesedas. Si usted no contesta la demanda a tiempo, pudiere perder el caso y podria ser despojado de sus ingresos, dinero y propiedad, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede consultar con su abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de abogados "ATTORNEY REFERRAL SERVICE" o una de las oficinas de asistencia legal "LEGAL AID OFFICE" (que aparencen en la guia telefonica).

Si usted elijo responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona demoninada abajo como "Plaintiff/Plaintiff Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite avec mention de neumero de dossier ci-dessus et du nom des parties nommees ici si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis vous risquez de perdre la cause ainsi que votre salaire votre argent et vos biens peuvent etre saisis par la suite sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'um avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telepones).

Si vous choisissez de deposer vous-meme une respnse ecrite, il vous faudra egalement en meme temos que cette formalite faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 2016-022108-CA-01

CAREY ROACH,

    Plaintiff,

v.

EDDO TRIMINO, MARTIN SANTIAGO and THE CITY OF MIAMI GARDENS, a municipal sub-division of the State of Florida,

    Defendants.
_____/

## CIVIL ACTION SUMMONS

**STATE OF FLORIDA:**

**To Each Sheriff of the State:**

You **ARE COMMANDED** to serve this summons and a copy of the Complaint, in this action on defendant:

**BY SERVING:**    **MARTIN SANTIAGO**
**CHERYL WHYNE, COURT LIAISON**
**18611 NW 27TH AVENUE**
**MIAMI GARDENS, FLORIDA 33056**

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney: Raul R Lopez, Esq., whose address is: **RAUL R. LOPEZ, P.A., 7950 N.W. 155th Street, Suite 206, Miami Lakes, Florida 33016. Telephone: (305) 818-0117, Email: rrlopezpa@gmail.com,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Dated this _____, 2016

HARVEY RUVIN
Clerk of Courts

BY: _____
    Deputy Clerk

## IMPORTANTE

Una demanda contra usted ha sido presentada. Tiene 20 dias naturales a partir del recibo de esta notificacion para contestar la demanda adjunta, por escrito y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito incluyendo el numero del caso y los nombres de las partes interesedas. Si usted no contesta la demanda a tiempo, pudiere perder el caso y podria ser despojado de sus ingresos, direro y propiedad, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede consultar con su abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de abogados "ATTORNEY REFERRAL SERVICE" o una de las oficinas de asistencia legal "LEGAL AID OFFICE" (que aparencen en la guia telefonica).

Si usted elijo responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona demoninada abajo como "Plaintiff/Plaintiff Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite avec mention de neumero de dossier ci-dessus et du nom des parties nommees ici si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis vous risquez de perdre la cause ainsi que votre salaire votre argent et vos biens peuvent etre saisis par la suite sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'um avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telepones).

Si vous choisissez de deposer vous-meme une respnse eente, il vous faudra egalement en meme temos que cette formalite faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 2016-022108-CA-01

CAREY ROACH,

    Plaintiff,

v.

**CIVIL ACTION SUMMONS**

EDDO TRIMINO, MARTIN SANTIAGO and THE CITY OF MIAMI GARDENS, a municipal sub-division of the State of Florida,

    Defendants.

_____/

STATE OF FLORIDA:

To Each Sheriff of the State:

You ARE COMMANDED to serve this summons and a copy of the Complaint, in this action on defendant:

**BY SERVING:**      THE CITY OF MIAMI GARDENS
    MAYOR OLIVER G. GILBERT III
    18605 NW 27th AVENUE
    MIAMI GARDENS, FLORIDA 33056

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney: Raul R Lopez, Esq. whose address is: **RAUL R. LOPEZ, P.A., 7950 N.W. 155th Street, Suite 206, Miami Lakes, Florida 33016, Telephone: (305) 818-0117, Email: rrlopezpa@gmail.com,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Dated this _____, 2016

HARVEY RUVIN
Clerk of Courts

BY: _____
    Deputy Clerk

## IMPORTANTE

Una demanda contra usted ha sido presentada. Tiene 20 dias naturales a partir del recibo de esta notificacion para contestar la demanda adjunta, por escrito y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiere perder el caso y podria ser despojado de sus ingresos, direro y propiedad, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede consultar con su abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de abogados "ATTORNEY REFERRAL SERVICE" o una de las oficinas de asistencia legal "LEGAL AID OFFICE" (que aparencen en la guia telefonica).

Si usted elijo responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona demoninada abajo como "Plaintiff/Plaintiff Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite avec mention de neumero de dossier ci-dessus et du nom des parties nommees ici si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis vous risquez de perdre la cause ainsi que votre salaire votre argent et vos biens peuvent etre saisis par la suite sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'um avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telepones).

Si vous choisissez de deposer vous-meme une respnse ecrite, il vous faudra egalement en meme temos que cette formalite farre parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff Attorney" (Plaignant ou a son avocat) nomme ci-dessous.